IN THE MARION CIRCUIT/SUPERIOR COURT

STATE OF INDIANA

CAUSE NO. _____

| | |
|---|---|
| KOCH TRUCKING, INC., | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AVALON & TAHOE MFG., INC. and | ) |
| ROBERT E. WARNER, JR., | ) |
|     Defendants. | ) |

**COMPLAINT AND JURY TRIAL REQUEST**

Plaintiff, Koch Trucking, Inc. ("Koch"), by counsel, and for its Complaint against Defendants, Avalon & Tahoe Mfg., Inc. ("ATM") and Robert E. Warner, Jr. ("Warner"), states as follows:

**I.**

**PARTIES**

1. Koch is a foreign for-profit corporation organized and existing under the laws of the state of Minnesota, with its principle place of business located at 4200 Dahlberg Dr., Ste. 100, Minneapolis, Minnesota 55422.

2. Defendant, ATM, is a foreign for-profit corporation organized and existing under the laws of the State of Michigan, with its principal place of business located at 903 Michigan Ave., Alma, Michigan 48801.

3. Defendant, Warner, is an adult individual and citizen of the State of Michigan who resides and is domiciled at 4591 W. Baker Road, Coleman, Michigan 48618.

4. The incident occurred on Interstate 69 South at mile marker 200.3 in Indianapolis, Marion County, Indiana.

## II.

## **FACTS**

5. On or about October 1, 2018, Michael Biggs, a truck driver for Koch, was operating a commercial tractor-trailer on the ramp connecting I-69 southbound to I-465 southbound at mile marker 200.3 in Indianapolis, Marion County, Indiana.

6. At that time, Warner, a driver for ATM, was operating a commercial tractor-trailer in the course and scope of his employment for ATM at or near the same location.

7. Warner carelessly and negligently swerved from the ramp connecting I-69 southbound to I-465 westbound to the I-465 southbound ramp, striking the vehicle being driven by Mr. Biggs.

8. Warner carelessly and negligently failed to maintain a proper lookout for vehicles traveling on the ramp to I-465 southbound.

9. Warner carelessly and negligently failed to change, alter, or divert the course of his vehicle so as to avoid crossing into the direct path of the vehicle driven by Mr. Biggs.

10. Warner carelessly and negligently failed to sound any signal or warning of his approach.

11. Warner carelessly and negligently failed to restrict his speed as was necessary to avoid causing an accident.

12. Warner carelessly and negligently turned his vehicle from a direct course without ensuring that the movement could be made with reasonable safety.

13. Warner carelessly and negligently failed to yield the right-of-way to vehicle driven

by Mr. Biggs.

14. Warner carelessly and negligently created an undue risk of harm to the vehicle driven by Mr. Biggs.

15. The tractor trailer being operated by Mr. Biggs was transporting a Wellcraft boat (the "Boat").

16. The Boat was severely damaged upon impact.

17. At all relevant times, the Boat was owned by Rec Boat Holdings, LLC ("Rec Boat").

18. The Boat sustained damage in the amount of $100,000 and was deemed a total loss after the incident.

19. Koch paid the damages in full to Rec Boat and received an assignment of all rights to its claim regarding the Boat from Rec Boat.

20. As a direct and proximate consequence of Warner's negligent, careless, wanton, outrageous, and reckless conduct, Koch suffered damages totaling $100,000.

### III.

### CAUSES OF ACTION

#### Count 1

#### Negligence of Warner

21. Paragraphs 1-20 are incorporated herein by reference thereto.

22. The incident and all damages set forth herein suffered by Koch are the direct and proximate result of the negligent, careless, wanton, outrageous, and reckless conduct of Warner, as set forth above and as follows:

   a. Swerving into and striking the vehicle operated by Mr. Biggs;

b. In failing to maintain a proper lookout for vehicles traveling on the ramp to I-465 southbound;

c. In failing to change, alter, or divert the course of his vehicle so as to avoid crossing into the direct path of Mr. Biggs;

d. In failing to sound any signal or warning of his approach;

e. In failing to restrict his speed as was necessary to avoid causing an accident;

f. In turning his vehicle from a direct course without ensuring that the movement could be made with reasonable safety;

g. In failing to yield the right-of-way to Mr. Biggs; and

h. In creating an undue risk of harm to Mr. Biggs and Koch.

23. As a direct and proximate result of the negligent, careless, wanton, outrageous, and reckless acts and omissions of Warner, Koch sustained damages totaling $100,000.

## Count 2

### Negligence of Avalon & Tahoe Mfg., Inc.

24. Paragraphs 1-23 are incorporated herein by reference thereto.

25. The incident and all the injuries and damages set forth herein suffered by Koch are the direct and proximate result of ATM's vicarious liability under the doctrine of *respondeat superior* for the negligent, careless, wanton, outrageous, and reckless conduct of Warner, as set forth above and as follows:

a. Swerving into and striking the vehicle operated by Mr. Biggs;

b. In failing to maintain a proper lookout for vehicles traveling on the ramp to I-465 southbound;

c. In failing to change, alter, or divert the course of his vehicle so as to avoid

   crossing into the direct path of Mr. Biggs;

  d. In failing to sound any signal or warning of his approach;

  e. In failing to restrict his speed as was necessary to avoid causing an accident;

  f. In turning his vehicle from a direct course without ensuring that the movement could be made with reasonable safety;

  g. In failing to yield the right-of-way to Mr. Biggs; and

  h. In creating an undue risk of harm to Mr. Biggs and Koch.

WHEREFORE, Plaintiff, Koch Trucking, prays for judgment against the Defendants in principal sum of $100,000, together with costs of this action, pre-judgment interest in the amount of 8% per annum, and for all other just and proper relief in the premises.

## IV.

## JURY TRIAL REQUEST

Plaintiff, by counsel, request that this case be tried by jury.

            Respectfully submitted,

            */s/ Eric K. Habig*
            Eric K. Habig, #21658-49
            BECK ROCKER & HABIG, P.C.
            320 Franklin Street
            Columbus, IN 47201
            ehabig@beckrocker.com
            812-372-8858